OPINION.
{¶ 1} This is an appeal from a final judgment of the Mahoning County Court of Common Pleas, Probate Division, removing appellant, Maureen Sweeney, as the attorney of record for the guardianship of Debra Ferranti and denying her compensation for her work with the guardianship. For the reasons that follow, we affirm the judgment of the trial court.
{¶ 2} Debra Ferranti ("the ward"), was seriously injured in a motorcycle accident that rendered her unable to care for herself. Accordingly, her daughter, Amanda Ferranti ("Ferranti"), was appointed guardian of her mother's person and estate.
 {¶ 3} The record shows that the estate eventually became insolvent and creditors commenced legal action to secure payment. As a result, the trial court found that an accounting was necessary and ordered Ferranti and appellant to file one by April 24, 2000.
 {¶ 4} The trial court issued a citation upon a delinquent account on September 11, 2000, ordering Ferranti and appellant to file an accounting and to appear on October 13, 2000. The citation also noted that failure to comply with the order may result in sanctions, including the disallowance of attorney fees, removal of the fiduciary, and findings in contempt of court.[1]
 {¶ 5} At the October 13, 2000 hearing, account information was supplied to appellant, but she never prepared the accounting. During this hearing, Ferranti also indicated a desire to withdraw as guardian due to her poor health. As a result, appellant was ordered to file a motion to withdraw and an application to be appointed successor guardian.
 {¶ 6} Because appellant had still failed to file an accounting by February 2001, the trial court again issued a citation ordering an accounting to be filed and the appearance of both appellant and Ferranti on March 29, 2001. The citation included the same threat of sanctions for failing to comply.
 {¶ 7} On March 29, 2001, appellant appeared at the scheduled hearing but Ferranti failed to do so. Appellant claimed she was unable to complete the requested accounting due to Ferranti's failure to co-operate. Accordingly, the magistrate found Ferranti in contempt and removed her as the ward's guardian. The magistrate also appointed Help Hotline Crisis Center ("Help Hotline") as the successor guardian upon application and bond.
 {¶ 8} On January 28, 2002, appellant filed a motion to appoint a new successor guardian because Help Hotline failed to submit the application and bond as ordered by the court. Appellant claimed that although she had contacted Help Hotline on multiple occasions, and had also contacted the magistrate seeking intervention, both were unable to secure Help Hotline's application and bond. On February 4, 2002, Help Hotline reported to the trial court that it would be unable to file the application as the ward did not fall into the category of persons for whom it could serve as guardian.
 {¶ 9} The record indicates that appellant did not appear at the February 27, 2002 hearing concerning her motion to appoint a new successor guardian but rather sent another attorney in her place. There is little else in the record that indicates what actually occurred at this hearing or whether it occurred before the court or before a magistrate, as stated in appellant's brief. On March 29, 2002, the trial court issued a judgment entry appointing a successor guardian, removing appellant as attorney of record, and, pursuant to Sup. R. 77 and 78, denying her all compensation as a result of her "dilatory and neglectful" behavior in this matter.
 {¶ 10} From this decision, appellant filed a timely notice of appeal and a motion to stay the trial court's judgment. In response, the new guardian, Edward DeAngelo ("DeAngelo"), filed a motion to deny the stay along with a motion asking us to dismiss appellant's appeal. Upon consideration, this court denied DeAngelo's motion to dismiss as well as appellant's request to stay the decision. We also concluded that although appellant had standing to appeal the denial of compensation, she could not challenge her removal as attorney of record as she brought the appeal on her behalf, not the ward's.
 {¶ 11} Appellant now submits two assignments of error for our consideration. In her first assignment of error, appellant argues that "[t]he Trial Court committed reversible error by issuing a Judgment Entry in the matter prior to a Magistrate's Order being issued and without being present at the hearing." Essentially, she maintains that the trial court did not follow the proper procedure in rendering the appealed judgment. According to appellant, the February 27, 2002 hearing, was conducted before a magistrate; therefore, appellant asserts that the trial court did not follow the correct procedure under Civ.R. 53 when its issued its own judgment before the magistrate could render a decision.
 {¶ 12} The notice of hearing, dated Jan 31, 2002 and signed by Judge Timothy P. Maloney, states "that on Wednesday, February 27, 2002 at 10:00 am a hearing will be held in this Court concerning Application to Appoint Successor Guardian." (Emphasis added.) Furthermore, there is no record of the hearing in question to show whether it was conducted before Judge Maloney or a magistrate. Thus, the trial court acted properly when it issued its judgment, as it had no reason to wait for a magistrate to issue a decision. Appellant's first assignment is without merit.
 {¶ 13} On her second assignment of error, appellant contends that "[t]he Trial Court abused its discretion by removing Attorney Appellant at (sic) counsel of record and denying her all compensation that she would otherwise be entitled to."
 {¶ 14} R.C. 2109.31 states that if a fiduciary is delinquent in filing an accounting, the court may issue a citation requiring the fiduciary to file one by a certain date. The failure to do so by the specified date may result in the removal of the fiduciary or the denial of fees to which the fiduciary would otherwise be entitled. Moreover, under Sup. R. 78(A) both the attorney of record and the fiduciary are subject to the citation process of R.C. 2109.31, thus making the attorney eligible for removal. Additionally, Sup.R. 71(E) provides that unless good cause is shown, an attorney representing a fiduciary delinquent in filing an account will be denied attorney fees.
 {¶ 15} The trial court issued a citation on September 11, 2000, and an additional citation on February 9, 2001, in an effort to compel appellant and Ferranti to file an accounting of the guardianship. Penalties for failure to file the accounting were clearly set forth in each citation, providing ample notice for both appellant and Ferranti of the possible ramifications. Despite the court order, no accounting was ever filed.
 {¶ 16} Appellant argues that she was unable to file an accounting because Ferranti was non-compliant; based on this, she argues that she should not have been removed as attorney of record and denied attorney fees.
 {¶ 17} There is little in the record to support appellant's claims. The October 13, 2000 magistrate's decision notes that "Account information supplied to Counsel at hearing but Account not prepared." Appellant, however, emphasizes that she attended every hearing except for the February 27, 2002 hearing which she was forced to miss due to emergency surgery. She argues that she tried to compel Help Hotline to file the necessary paperwork after it was erroneously appointed guardian and that the court did nothing to aid in the proceedings. Appellant also refers to an accounting that she filed with the court that was never accepted as part of the record. This "account" was insufficient because it did not provide the requisite documentation of the expenses incurred by the guardianship.
 {¶ 18} We conclude that appellant has failed to meet the burden of proof necessary to show that the trial court abused its discretion. If appellant could not file an accounting because of Ferranti's non-compliance, she should have made this apparent through the record and advised the trial court of Ferranti's neglect. Appellant attempted to add information to the record by attaching documentation to her briefs, but this evidence is not part of the trial record and thus cannot be considered on appeal.
 {¶ 19} Appellant also argues that she tried to find Help Hotline in contempt because of its failure to file the proper paperwork. She submits that she was the only one to try and move the pending guardianship forward, but again there is little in the record to support this proposition. The failure of Help Hotline to file the proper paperwork has little to do with appellant's failure to file an accounting of the guardianship, which ultimately was the reason for her removal and the denial of compensation. Appellant's second assignment of error is meritless.
 {¶ 20} Based on the foregoing analysis, appellant's two assignments of error have no merit. The judgment of trial court, therefore, is affirmed.
Judgment affirmed.
FORD, P.J., CHRISTLEY and NADER, JJ., concur.
DONALD R. FORD, P.J., of the Eleventh Appellate District, sitting by assignment.
JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting by assignment.
ROBERT A. NADER, J., Retired, of the Eleventh Appellate District, sitting by assignment.
[1] Prior to this, the trial court had issued appellant a citation for the same conduct. The court, however, later withdrew the citation.